No. 1:23-CV-07194-AT-KHP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE DITECH HOLDING CORPORATION, ET AL,
*Debtors.*

KEVIN ETTER

*Appellant,*

v.

DITECH HOLDING CORPORATION, et al.

*Appellees.*

Appeal from Order
of the
United States Bankruptcy Court
for the
Southern District of New York
(Garrity, J.)
Chapter 11 Case No. 19-10412

## RESPONSE OF APPELLEES CONSUMER CLAIMS TRUSTEE AND PLAN ADMINISTRATOR TO APPELLANT'S OBJECTION TO REPORT AND RECOMMENDATION

| JENNER & BLOCK LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| 1155 Avenue of the Americas | 767 Fifth Avenue |
| New York, NY 10036 | New York, NY 10156 |
| Telephone: (212) 891-1601 | Telephone: (212) 310-8017 |
| Facsimile: (212) 891-1699 | Facsimile: (212) 310-8007 |
| Richard Levin rlevin@jenner.com | Richard Slack |
| | richard.slack@weil.com |
| *Attorneys for the Consumer Claims Trustee* | *Attorneys for the Plan Administrator* |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ......................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ............................................................................... 1

STANDARD OF REVIEW .................................................................................... 1

RELEVANT FACTS ............................................................................................ 3

    A.  The Mortgage Loan, The Foreclosure, and The Loan Modification ............... 3

    B.  The Debtors' Bankruptcy Cases and the Claims Filing Bar Date ................... 4

    C.  Appellant's Proofs of Claim ........................................................................ 6

    D.  The Dispute Over the Loan Modification and Amounts ................................ 7

    E.  Untimely Filing ......................................................................................... 9

SUMMARY OF ARGUMENT .............................................................................. 9

ARGUMENT ..................................................................................................... 10

    A.  The Bankruptcy Court Correctly Concluded Appellant Was Not Entitled to
       Administrative Priority .............................................................................. 10

    B.  The Bankruptcy Court Did Not Err in Finding the Claims Were Untimely 11

CONCLUSION .................................................................................................. 16

CERTIFICATE OF COMPLIANCE ..................................................................... 17

AFFIRMATION OF SERVICE ............................................................................ 18

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Arista Records, LLC v. Doe 3,*
   604 F. 3d 110 (2d Cir. 2010) .................................................................................3

*In re BGI, Inc.,*
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) ...................................................................14

*In re Chemtura Corp.,*
   No. 09-11233 (JLG), 2016 WL 11651714 (Bankr. S.D.N.Y. Nov. 23,
   2016) ......................................................................................................................14

*In re: Credit-Based Asset Servicing & Securitization LLC,*
   2014 WL 7177629 (Bankr. S.D.N.Y. Dec. 9, 2014) ..............................................15

*In re Drexel Burnham Lambert Grp. Inc.,*
   151 B.R. 678 (Bankr. S.D.N.Y.), *aff'd*, 157 B.R. 532 (S.D.N.Y. 1993) ..................14

*In re Enron Corp.,*
   419 F.3d 115 (2d. Cir. 2005) ................................................................................15

*Ferrari v. County of Suffolk,*
   790 F.Supp.2d 34 (E.D.N.Y. 2011) ........................................................................2

*Flake v. Alper Holdings USA, Inc.*
   (In re *Alper Holdings USA, Inc.*), 398 B.R. 736 (S.D.N.Y. 2008) ...........................2

*Green Tree Servicing, LLC v. Kevin Ette,* et al.,
   Circuit Court, Fifth Judicial Circuit, Sumter Co., Case No.
   2013CA001631AXMX, Oct., 4, 2013.......................................................................4

*Krys v. Pigott,*
   749 F.3d 117 (2d Cir. 2014) ...................................................................................3

*In re Lehman Bros. Holdings Inc.,*
   433 B.R. 113 (Bankr. S.D.N.Y. 2010), *aff'd sub nom. CVI GVF (Lux)*
   *Master Sarl. v. Lehman Bros. Holdings Inc.*, 445 B.R. 137 (S.D.N.Y.
   2011) .................................................................................................................12, 15

*In re New Century TRS Holdings, Inc.,*
   465 B.R. 38 (Bankr. D. Del. 2012) ........................................................................15

*Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship,*
   507 U.S. 380 (1993) ................................................................................15

*Sutton ex rel. Rose v Wachovia Sec.,*
   LLC, 208 F. App'x. 27 (2d Cir. 2006) ......................................................2

**Statutes**

Bankruptcy Code, 11 U.S.C. § 101(27) ...........................................................5, 10

Bankruptcy Code, 11 U.S.C. § 503(b)(9)......................................................9, 10, 12

Bankruptcy Code, 11 U.S.C. § 523 .....................................................................1

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A)...............................................................11

Chapter 11 of Title 11 of the United States Code, 11 U.S.C. c. 11....................*passim*

Federal Rules of Bankruptcy Procedure 9006 .....................................................12, 16

Federal Rules of Civil Procedure 12(b)(6) ............................................................2, 3

Florida Statute § 501.203 ................................................................................8

## PRELIMINARY STATEMENT

Although Appellant Kevin L. Etter's *Objection to Magistrate Judge Parker's Report and Recommendation* ("**R&R**"), Dkt. No. 20, addresses the entire history of the relationship Appellant had with the servicers of his mortgage, most of the history is not relevant to the claims and issues addressed by the R&R. The R&R addresses only three issues, all of which relate solely to the chapter 11 case of Ditech Holding Corporation, not to the pre-chapter 11 relationship. Judge Parker recommended affirmance of Bankruptcy Judge Garrity's decision on the ground that his claim was filed after the claims bar date that the Bankruptcy Court established. She based her conclusion that the claim was late filed on the ground that it did not qualify for administrative expense priority and was therefore not subject to the later bar date for general unsecured claims. The Court also rejected the new argument raised for the first time on appeal that the fraud claim was not dischargeable under 11 U.S.C. § 523 because, among other reasons, that section only applies to individual debtors and not corporate entities such as Appellee here..

Those conclusions alone are correct and are sufficient to affirm the Bankruptcy Court's ruling. To the extent this Court determines to go further, Appellant has waived any argument not already contained in his opening brief. Appellees' brief fully addresses them, and the arguments will not be repeated here.

## STANDARD OF REVIEW

Judge Parker correctly set forth the standard of review on an appeal from a bankruptcy judge's order: "On an appeal of an order of the bankruptcy court, the

district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." R&R at 13. Appellant does not challenge this standard or Judge Parker's application of it to the facts of this case.

However, in this case, the Bankruptcy Court established a procedure for ruling on objections to claims, which incorporated the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Record Appendix ("**RA**"), Dkt. No. 11-3, at 82, 135. The Bankruptcy Court accepted the well pleaded allegations of the claim to determine whether Appellant had stated a claim on which relief could be granted. *Memorandum Decision and Order Sustaining the Eleventh Omnibus Objection to Proof of Claim Filed by Kevin L. Etter and the Twenty-First Omnibus Objection to Proof of Claim Filed by Kevin L. Etter*, Bk Ct. Dkt. No. 4832 ("**Opinion**"), at 17–18, RA, Dkt. 11-5, at 182–83. The Bankruptcy Court also properly considered documents attached to the proof of claim, *see Flake v. Alper Holdings USA, Inc.* (In re *Alper Holdings USA, Inc.*), 398 B.R. 736, 748 (S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss") (citation omitted); and public records submitted to the Court. *See Sutton ex rel. Rose v Wachovia Sec.*, LLC, 208 F. App'x. 27, 30 (2d Cir. 2006) (filings and orders in other courts "are undisputably matters of public record"); *Ferrari v. County of Suffolk*, 790 F.Supp.2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior

2

litigation and that relate to the case *sub judice*").

Here, the Bankruptcy Court disallowed Appellant's Claims under a Rule 12(b)(6) standard for failure to state a claim. This Court reviews that determination *de novo*. *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). Similarly, this Court reviews a magistrate judge's report and recommendation *de novo*. *See Arista Records, LLC v. Doe 3*, 604 F. 3d 110, 116 (2d Cir. 2010).

## RELEVANT FACTS

### A. The Mortgage Loan, The Foreclosure, and The Loan Modification

In 2009, Appellant executed a note (the "**Note**") and mortgage (the "**Mortgage**" and, together with the Note, the "**Mortgage Loan**") in favor of Bank of America, N.A. ("**Bank of America**") for $239,970.00. Opinion at 3. On May 1, 2012, Claimant executed a loan modification agreement with Bank of America (the "**Bank of America Modification**"). Despite the Bank of America Modification, Appellant soon defaulted on the Mortgage Loan. Bank of America began foreclosure proceedings. Appellant filed a chapter 7 bankruptcy case in November 2012, staying the foreclosure, and Bank of America dismissed the proceeding.

Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC ("**Green Tree**") began servicing the Mortgage Loan on April 1, 2013. Claim 24280 at 80, RA, Dkt. No. 11-1, at 94. Appellant made no payments on the Mortgage Loan since October 2012, shortly before his bankruptcy filing. A year later, on October 4, 2013, Green Tree filed a Complaint in Foreclosure against Appellant in the Circuit Court in Sumter County, Florida alleging that the loan was then due for the October 1, 2012 payment and all

subsequent payments (the "**Green Tree Foreclosure Action**"). *Green Tree Servicing, LLC v. Kevin Etter*, et al., Circuit Court, Fifth Judicial Circuit, Sumter Co., Case No. 2013CA001631AXMX, Oct., 4, 2013; *see* Green Tree Docket, RA. 694-696; State Foreclosure Action Complaint. RA. 698-724. On February 27, 2014, Green Tree filed an Affidavit of Indebtedness in the Green Tree Foreclosure Action, declaring a total amount due of $269,490.60. RA, Dkt. No. 11-5, at 40-50. Appellant did not object to the Affidavit of Indebtedness or file a response to the foreclosure complaint, so a Default was entered on March 3, 2014. RA 695.

Nevertheless, on May 1, 2014, Green Tree executed a loan modification agreement with Appellant (the "**Green Tree Modification**"), a copy of which is attached to Appellant's Proof of Claims. RA, Dkt. No. 11-2, at 33–38. The Green Tree Modification shows a balance owing of $274,048.32. *Id*. Appellant asserts he made payments in accordance with the Green Tree Modification for over four years, until December 2018. Claim at 4-5, RA, Dkt. No. 11-1, at 18.

### B. The Debtors' Bankruptcy Cases and the Claims Filing Bar Date

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (collectively, the "**Debtors**") each commenced with the Bankruptcy Court a voluntary case under chapter 11 of title 11 of the United States Code (Bk Ct. Dkt. No. 1). RA, Dkt. No. 11-1, at 5.

On February 22, 2019, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof* (Bk. Ct. Dkt. No. 90) (the "**Bar Date Order**"). RA, Dkt. No. 11-1, at 6.

Pursuant to the Bar Date Order, the Bankruptcy Court set April 1, 2019 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code), to file a proof of claim in the Debtors' chapter 11 cases (the "**General Bar Date**"). *Id.* On March 27, 2019, the Bankruptcy Court extended the General Bar Date to April 25, 2019, at 5:00 p.m. (Eastern Time) (Bk Ct. Dkt. No. 272) (the "**Extended General Bar Date**"). RA, Dkt. No. 11-1, at 7. On May 2, 2019, the Bankruptcy Court extended the Extended General Bar Date solely for consumer borrowers to June 3, 2019, at 5:00 p.m. (Eastern Time) (Bk Ct. Dkt. No. 496) (the "**Consumer Claims Bar Date**"). RA, Dkt. No. 11-1, at 8. On September 26, 2019, the Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors (the "**Third Amended Plan**"), which created the Wind Down Estates as successors to the Debtors and vested in the Consumer Claims Trustee the exclusive authority to object to Consumer Creditor Claims and the Plan Administrator the exclusive authority to object to the Administrative Expense Claims (Bk. Ct. Dkt. No. 1404), RA, Dkt. No. 11-1, at 9.

Ditech served notice of the Consumer Claims Bar Date to millions of potential claimants. RA, Dkt. No. 11-5, at 57-64. Ditech had also previously published notice of the General Bar Date in the *New York Times* and *USA Today*. *See* Bk. Ct. Dkt. No. 90, at 9.

### C. Appellant's Proofs of Claim

On October 5, 2019, Appellant, pro se, filed proof of claim number 24280 ("**Claim 24280**") asserting an administrative expense claim of $273,505.50, and proof of claim number 24281 ("**Claim 24281**"), asserting a general unsecured claim of $273,505.50. RA, Dkt. No. 11-1, at 13-170, 171-328. (Because Claim 24280 and Claim 24281 contain identical documents, all subsequent citations will be made to Claim 24280.) The basis for both claims was "Loan Modification Fraud" and, apart from the claim classification, they were identical documents.

Although Appellant alleged numerous servicing errors by Appellees, the central claim was that Debtor Ditech Financial, LLC (f/k/a Green Tree Servicing, LLC) created and implemented a loan modification in May 2014 to which Appellant never consented. Appellant additionally asserted that, when Green Tree began servicing the loan, it increased the required escrow payments by an amount that made it impossible for Appellant to keep up on payments, forcing the loan into foreclosure. Appellant alleges misapplication of payments during the period of 2014–2018 but without any specifics. Appellant also alleges that his problems with Green Tree started shortly after Green Tree began servicing the loan in 2013, when Green Tree raised his yearly escrow insurance payment from "approx. $1,200.00 to nearly $6,000.00," failed to provide any assistance to resolve the issue, *id.*, refused online payments and required him to call customer service each month to make payments, *id.,* some of which were rejected. *Id*. He alleges that, due to improper application of payments, the account showed as delinquent and foreclosure proceedings were commenced. RA, Dkt. No. 11-1, at 18.

Eventually, Appellant states, "they [Green Tree] corrected the escrow and refunded our overpayments". *Id*. Finally, the Claims include various complaints against the successor-servicers, commencing in early 2019.

### D. The Dispute Over the Loan Modification and Amounts

Appellant contends that, although he consistently paid the mortgage between 2014 and 2018, the payoff amount on the mortgage loan increased by $53,300.26. RA, Dkt. No. 11-1, at 18-19. He claims he did not dispute the increase sooner because no principal payoff information appeared on the periodic billing statements from Green Tree until May 2018. RA, Dkt. No. 11-1, at 18. However, as part of Claim 24281, he submitted a "Payoff Quote" from Ditech dated January 24, 2014, showing a payoff amount of $274,645.69, RA. 282, a Mortgage Statement dated May 1, 2018, showing "Outstanding Principal (Not a payoff amount)" of $263,872.65, RA. 204, and a Debt Validation Letter dated April 11, 2019, showing an amount owing of $267,817.42. RA, Dkt. No. 11-1, at 58. The Letter came from LoanCare, LLC (tradename of New Residential Mortgage, LLC), to whom subservicing of the Appellant's Mortgage Loan had been transferred effective April 1, 2019. RA, Dkt. No. 11-1, at 58. Appellant hired a lawyer to lodge a written dispute of the debt. RA, Dkt. No. 11-1, at 63-64.

Appellant subsequently lodged a complaint about LoanCare with the Consumer Financial Protection Bureau (the "**CFPB**") on August 7, 2019. RA, Dkt. No. 11-1, at 21. Appellant attached a copy of LoanCare's 78-page, September 11, 2019 response to the CFPB complaint, which included a copy of the Green Tree Modification with Ditech. RA, Dkt. No. 11-1, at 94 to Dkt. No. 11-2 at 70. Appellant states that this was the first

time he became aware of the existence of the Green Tree Modification. RA, Dkt. No. 11-1, at 19. However, it was not the first time Appellant believed that the amount owing on the loan was not correct. As he states in Claim 24280:

> "In the fall of 2018, we decided that we were moving to California. Then we needed to decide what to do with our home in Florida. We knew by this point that the mortgage payoff was incorrect, and something wasn't adding up, but received no assistance from Ditech. So, in January we decided to stop paying the mortgage."

*Id.* On August 12, 2019, despite his belief that the mortgage loan payoff was "WAY too much," Appellant elected to close on a sale of the mortgaged property. RA, Dkt. No. 11-1, at 21.

In summary, Appellant concludes that "Ditech and Loancare/New Residential Mortgage conspired together to enforce a modification that they knew to be, at the very least non-existent, and perhaps fraudulent." RA, Dkt. No. 11-1, at 25. Appellant argues that the Green Tree Modification erroneously added $64,173 in interest-bearing principal to the account which he believes he did not owe. RA, Dkt. No. 11-3, at 186. Appellant advances the legal argument that the Green Tree Modification, "nullified the 2012 Bank of America loan modification, given that Ditech removed the deferred principal, erroneously added to the total principal amount, and increased [the] monthly payment". *Id.* This nullification, he argues, voids the Mortgage and associated Note and entitles him to recoup the $273,505.50 that he paid LoanCare when the house was sold. *Id.* He additionally requests accrued interest, commencing August 12, 2019, and treble damages plus attorney fees, pursuant to "Florida Statute §501.203". RA, Dkt. No. 11-1, at 25.

**E. Untimely Filing**

Appellant also claims that, since he had claims against Green Tree as of the bankruptcy petition date, he should have been notified of Green Tree's Chapter 11 cases. RA, Dkt. No. 11-3, at 188. He asserts that he never received notice of the Green Tree bankruptcy and that this excuses the untimely filings of both of his claims. RA, Dkt. No. 11-3, at 189.

Appellant alleges error in the Bankruptcy Court's reliance on what he deems as an erroneous Affidavit of Service. *Kevin Etter Statement of Issues Present on Appeal and Designation of Record on Appeal*, which Magistrate Judge Parker treated as an opening brief, ECF 5, at 1, ("**Opening Brief**") at 10-11. He accuses Green Tree and counsel for the Consumer Claims Trustee, Jenner & Block LLP, of altering the affidavit of service "seemingly to convince Appellant and the court of proper notice" and that the court thus erred by relying on it. *Id.* at 10. Appellant posits, "Does not the persistent reliance on an altered document strongly imply the intent to mislead by fraudulent means?" *Id.* at 11. He requested that the court extend the bar date to accommodate his late filing. *Id.*

## SUMMARY OF ARGUMENT

The Bankruptcy Court determined that Appellant's Claims were filed late and that the late filing could not be saved by characterizing one of the proofs of claim as an administrative expense. The only ground Appellant alleged to assert an administrative expense claim was under Bankruptcy Code section 503(b)(9), which provides an administrative expense claim for the value of goods sold by a claimant to the debtor in

9

the ordinary course within 20 days before the commencement of the chapter 11 case. Appellant did not provide goods to the Debtors or the estate (and did not allege any facts supporting such a claim) and so was not entitled to an administrative expense claim under Bankruptcy Code section 503(b)(9). Appellant had both actual and constructive notice of the claims bar date and showed no excusable neglect in failing to file his claims timely. The Magistrate Judge recommended affirming the ruling, which was demonstrably correct. This Court should adopt the Magistrate Judge's R&R.

## ARGUMENT

### A. The Bankruptcy Court Correctly Concluded Appellant Was Not Entitled to Administrative Priority

Appellant does not provide any argument that the Bankruptcy Court or the R&R erred in determining that his claims were not entitled to administrative priority under the Bankruptcy Code. In his proof of claim, Appellant asserted that the claim was entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code. *See* Claim 24280 at 2; RA, Dkt. No. 11-1, at 16. This section provides that "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business" shall be allowed as administrative expenses. 11 U.S.C. § 503(b)(9). The Bankruptcy Court rejected that contention because the claim set forth no facts that established that Appellant sold any goods to Debtors whatsoever. Opinion at 40-41. The R&R agreed, holding that "[t]his is no tricky legal issue; Claim 24280 plainly falls outside the definition of an administrative expense claim under 11 U.S.C. 503(b)(9) or any of the other enumerated categories." R&R at 15.

On this appeal Appellant suggests, for the first time and without support, that Appellant's claim should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A)—and that Appellant should be granted an administrative expense claim—because Green Tree committed fraud. Opening Brief at 17. This argument fails for four reasons. First, as Magistrate Judge Parker properly held in the R&R, whether or not fraud is dischargeable has nothing to do with whether the claim is an administrative claim. R&R at 15 ("However, the question of whether § 523(a)(2) applies here as an exception to discharge is a separate issue from whether Etter properly asserted an administrative claim."). Second, the entire dischargeability argument is just plain wrong. Section 523(a)(2)(A) applies only to an individual debtor, not to a corporate debtor such as Ditech. R&R at 19. Thus, there is no exception from discharge of a fraud claim for a corporate debtor. Third, Appellant did not raise this argument in the Bankruptcy Court, so it is waived. *Id*. Finally, the Bankruptcy Court properly rejected the fraud claims as unsupported.

The Bankruptcy Court's disallowance of Claim 24280 should be affirmed and the Claim should be disallowed and expunged on this ground alone.

## B. The Bankruptcy Court Did Not Err in Finding the Claims Were Untimely

The Consumer Claims Bar Date for the filing of consumer borrower claims was June 3, 2019. (ECF 496). RA, Dkt. No. 11-1, at 8. Appellant filed two identical claims on the same date, October 5, 2019: Claim 24281 as a general unsecured claim and Claim 24280 as an administrative expense claim. Claim 24281 was thus filed well past the deadline for a general unsecured claim and should be disallowed on that ground alone.

*See In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 122 (Bankr. S.D.N.Y. 2010), *aff'd sub nom. CVI GVF (Lux) Master Sarl. v. Lehman Bros. Holdings Inc.*, 445 B.R. 137 (S.D.N.Y. 2011) ("Missing the bar date applicable to all claims is fatal.").

As for Claim No. 24280, there is no basis for Appellant to have filed an administrative claim. He was not entitled to categorize Claim 24280 as such simply to circumvent the Consumer Claims Bar Date. As the R&R properly held:

> "On review, it is clear that the facts as alleged by Etter are nowhere in the ballpark of the definition of an administrative expense. This is no tricky legal issue; Claim 24280 plainly fall outside the of an administrative expense claim under 11 U.S.C. § 503(b)(9) or any of the other enumerated categories. Claim 24280 is not an administrative expense claim, but is simply an unsecured claim, identical to Claim 24281 in every respect. Etter's characterization of his claim as an administrative expense appears to be an improper attempt to circumvent dismissal of his claim as untimely, because although the Consumer Claims Bar Date had passed at the time Etter brought his Claims, the Administrative Claims Bar Date had not yet passed. However, Etter cannot save an untimely claim by characterizing it as an administrative expense."

R&R at 15.

Appellant argued that he never received notice of the Ditech bankruptcy and that the Court should thus extend the deadline for filing the claims under Bankruptcy Rule 9006(b)(1). RA, Dkt. No. 11-3, at 189. The records of service of process from the servicing agent indicate that Appellant and his wife were in fact served with all documents requiring notice, by email and US mail, at both their Florida and California addresses. This service included, but was not limited to, the notice of the Consumer Claims Bar Date. *See* ECF 496 and Affidavit of Service (ECF 586). RA, Dkt. No. 11-3, at 186.

Appellant suggests that the Affidavit of Service is invalid, alternatively because Green Tree and counsel for the Consumer Claims Trustee manually altered it, or because the copy provided as an exhibit is inconsistent with the copy appearing on the Bankruptcy Court docket. Opening Brief at 10-11. The Affidavit of Service, filed on May 17, 2019, Bk. Ct. Dkt. No. 586, confirms service of the notice of the Consumer Claims Bar Date and states the notice has been served by mail to approximately 1,563,242 parties and by email to approximately 815,063 parties, and "A list of these parties can be furnished on request". Counsel for the Consumer Claims Trustee requested these service records, which included exhibits totaling thousands of pages. In lieu of attaching the names of the 2,378,305 borrowers served, the Consumer Claims Trustee attached the portions indicating service specifically on Appellant. RA, Dkt. No. 11-5, at 57-87.

However, the form of the Affidavit of Service differs. In the version filed with the Bankruptcy Court, Bk. Ct. Dkt. No. 586, the affiant lists the number of parties served, but not their identities, adding, "A list of these parties can be furnished upon request." In the version filed as Exhibit K to the Consumer Claims Trustee's reply in support of her objection to Appellant's claim, RA, Dkt. No. 11-5, at 57-64, which she obtained upon request from the affiant claims agent, the same affiant refers instead to "the parties listed on the annexed Exhibit B [and] Exhibit C" and attaches excerpts from those 2028-page Exhibit B and a similarly long Exhibit C showing service on Appellant and his wife. Thus, there is no merit to any suggestion that counsel for the Plan Administrator or counsel for the Consumer Claims Trustee deceived Appellant or the Bankruptcy Court with respect to the service records. They differed only because the

13

records were too voluminous to file with the Bankruptcy Court, while a separate, unfiled version was maintained for the record.

Even if Appellant had not been provided direct service, he is an "unknown creditor" requiring only constructive notice. See *In re BGI, Inc.,* 476 B.R. 812, 820, 824 (Bankr. S.D.N.Y. 2012) ("For unknown creditors, constructive notice, such as notice by publication, will suffice". "The Debtors provided adequate actual notice to their known creditors, and adequate constructive notice to their unknown creditors…. Notice beyond this was not required, nor should it have been expected".). As of the Petition Date, there was no pending action by Appellant against the Debtors, and they had no reason to suspect that Appellant had a legal claim against them. See *In re Chemtura Corp.*, No. 09-11233 (JLG), 2016 WL 11651714, at *12 (Bankr. S.D.N.Y. Nov. 23, 2016) (holding that a "'known' creditor is one whose identity is either known or "'reasonably ascertainable by the debtor…. a creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts'…. Reasonably diligent efforts does not require impracticable and extended searches…. [a] debtor need only focus the search on its own books and records") (internal citations and quotations omitted and collecting cases); *In re Drexel Burnham Lambert Grp. Inc.*, 151 B.R. 678, 680-81 (Bankr. S.D.N.Y.), *aff'd*, 157 B.R. 532 (S.D.N.Y. 1993) (noting that, "[f]or obvious reasons, debtors need not provide actual notice to unknown creditors. It is widely held that unknown creditors are entitled to no more than constructive notice (i.e., notice by publication) of the bar date".). "The Second Circuit strictly observes bar dates … [and] the equities will rarely if ever favor a party who fails to follow the clear dictates of a

14

court rule". *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 119. *See* R&R at 18 ("This argument is without merit. As of the Petition Date, there was no pending action by Etter against the Debtors, and Ditech had no reason to suspect that Etter had a legal claim against it. Even if Ditech had not assigned the Mortgage Loan prior to filing for bankruptcy, Etter still was not a creditor of Ditech at that time, but rather was Ditech's debtor. *See*, *e.g. In re: Credit-Based Asset Servicing & Securitization LLC*, 2014 WL 7177629, at *2 (Bankr. S.D.N.Y. Dec. 9, 2014) (finding mortgagor was an unknown creditor); *In re New Century TRS Holdings, Inc.*, 465 B.R. 38 (Bankr. D. Del. 2012) (mortgagor was an unknown creditor and, therefore, not entitled to actual notice).").

Appellant also made no showing of excusable neglect, as required for an extension of time to file a claim. *See In re Enron Corp.*, 419 F.3d 115, 121 (2d. Cir. 2005). The Supreme Court has found that the determination of what constitutes excusable neglect is an equitable one which must consider the totality of the circumstances.

> These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The burden of proof rests with the party asserting excusable neglect. *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (*In re Enron Corp*), 419 F. 3d 115, 121 (2d Cir. 2005). Appellant's sole basis for his argument that his failure to timely file is excusable is his argument that he did not receive proper notice. As noted above, the Court properly found that Appellant received proper notice. Thus, Appellant has

failed to meet his burden under Bankruptcy Rule 9006. Both Claims were untimely filed, and the Bankruptcy Court did not err in ruling that Appellant should be barred from asserting them.

## CONCLUSION

For the foregoing reasons this Court should adopt the Report and Recommendation of Magistrate Judge Parker, and the Bankruptcy Court's Order disallowing and expunging the Claims should be affirmed.

February 15, 2024                    Respectfully submitted,


                                     _/s/ Richard Levin_____
                                     JENNER & BLOCK LLP
                                     1155 Avenue of the Americas
                                     New York, NY 10036 Telephone:
                                     (212) 891-1600
                                     Facsimile: (212) 891-1699
                                     RLevin@jenner.com Richard
                                     Levin

                                     *Attorneys for the Consumer Claims Trustee*


                                     _/s/ Richard Slack_____
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, NY 10153
                                     Telephone: (212) 310-8017
                                     Facsimile: (212) 310-8007
                                     Richard.Slack@weil.com
                                     Richard Slack

                                     *Attorneys for the Plan Administrator*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,
## AND TYPE STYLE REQUIREMENTS

1.     This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7) because it contains 4,337 words, excluding the parts of the brief exempted by Fed. R. Bankr. P. 8015(a)(7)(B)(iii); *see also* L.R. 7.1(c) (requiring compliance with Fed. R. Bankr. P. 8015).

2.     This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because it has been prepared in 12-point Century Schoolbook font.

February 15, 2024

*/s/ Richard Levin*
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036 Telephone:
(212) 891-1600
Facsimile: (212) 891-1699
RLevin@jenner.com Richard
Levin

*Attorneys for the Consumer Claims Trustee*

*/s/ Richard Slack*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8017
Facsimile: (212) 310-8007
Richard.Slack@weil.com
Richard Slack

*Attorneys for the Plan Administrator*

**AFFIRMATION OF SERVICE**

I, Richard Levin, declare under penalty of perjury that on February 15, 2024, I electronically filed the foregoing document with the Clerk of the Court for the District Court for the Southern District of New York by using the CM/ECF system, and that all parties of record to this appeal who either are registered CM/ECF users will be served through the CM/ECF system.

I further declare that on February 15, 2024, I directed service of the foregoing document on Appellant Kevin L. Etter by first class mail, postage pre-paid, at the following addresses:

> Kevin L. Etter
> 2376 Arizona Way
> Yuba City, CA 95991


February 15, 2024                 */s/ Richard Levin*
                                  JENNER & BLOCK LLP
                                  1155 Avenue of the Americas
                                  New York, NY 10036 Telephone:
                                  (212) 891-1600
                                  Facsimile: (212) 891-1699
                                  RLevin@jenner.com Richard
                                  Levin

                                  *Attorneys for the Consumer Claims Trustee*

1