UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re*:

DITECH HOLDING CORPORATION, et al.,

Debtors.

23 Civ. 7194 (DEH) (KHP)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

    In this matter, Kevin Etter appeals an order of the Bankruptcy Court for the Southern District of New York dismissing his claims in the bankruptcy of Ditech Holding Corporation and its affiliates (collectively, "Ditech"). On December 28, 2023, the Hon. Katharine H. Parker, United States Magistrate Judge, issued a Report and Recommendation (the "Report"). *See* R. & R. on Bankruptcy Appeal, ECF No. 20. The Report recommends affirming the Bankruptcy Court's decision to disallow Etter's claims. Etter timely filed objections to the Report. *See* Appellant's Objection to the R. & R. ("Objection"), ECF No. 23. For the following reasons, the Report is **ADOPTED IN FULL**.

## BACKGROUND

    The following facts are drawn from the appellate record and are undisputed, unless otherwise indicated.

    On April 1, 2013, Ditech began servicing a mortgage loan on Etter's residential property in Florida. Claim 24280, R. App. Part 1 at 94, ECF No. 11-1. Ditech claims that the parties executed a loan modification agreement in 2014. *See* Loan Modification Agreement, R. App. Part 2 at 118-21, ECF No. 11-2. Etter claims that he never agreed to any modification and was first provided with the agreement that Ditech claims is the loan modification in August 2019. Claim 24280, R. App. Part 1 at 21. Etter also claims that throughout the period in which Ditech

serviced his mortgage loan, he rarely received information about his total pay-off amounts and the information he did receive was incorrect. *Id.* at 18-19.

On February 11, 2019, Ditech filed for bankruptcy. Bankruptcy Court Docket, *id.* at 5. The Bankruptcy Court set a deadline for filing a proof of claim involving Ditech of April 1, 2019, which was later extended for consumer claims to June 3, 2019. *See* Bankruptcy Court Orders, *id.* at 7-8. Ditech was required to give notice to unknown creditors through publication in *The New York Times* and *USA Today*. *See* Order ¶ 12, *In re Ditech Corporation*, No. 19-10412 (Bank. S.D.N.Y. Feb. 22, 2019), ECF No. 90 ("Notice Order").

On March 15, 2019, Etter was informed that LoanCare LLC would be servicing the mortgage loan. Claim 24280, R. App. Part 1 at 19. On August 12, 2019, Etter paid off the mortgage loan in full to clear title, as part of a sale of the property. *Id.* at 21. He is unable to determine the correct amount that he owed, but at a status conference in this appeal, he estimated to Judge Parker that this payoff amount was around $100,000 higher than it should have been. Report at 6.

On October 5, 2019, Etter filed two identical claims in Ditech's bankruptcy: Claim 24280, which asserts an administrative expense claim of $273,505.50, and Claim 24281, which asserts a general unsecured claim of $273,505.50 (together, the "Claims").[1] In substance, the Claims each seek the return of money that Etter tendered to LoanCare. Etter argues that he paid off his mortgage during the sale of the underlying property to clear title under duress and that this payment exceeds what he truly owed under the terms of his mortgage because of Ditech's

---

[1] Claim 24280 is available at R. App. Part 1, ECF No. 11-1, pages 15 through 128 and R. App. Part 2, ECF No. 11-2, pages 1 through 44. Claim 24281 is available at R. App. Part 2, pages 45 through 130, and R. App. Part 3, ECF No. 11-3, pages 1 through 72. The Claims are identical, except Claim 24280 was filed as an administrative expense claim and Claim 24281 was filed as a general unsecured claim.

fraud, particularly with respect to the 2014 loan modification.  *See* Claim 24280, R. App. Part 1 at 18-25.

The Plan Administrator and Consumer Claims Trustee (the "Trustee") objected to these claims and sought an order disallowing them.  On August 15, 2023, the Bankruptcy Court issued an order finding that, even liberally construing the Claims in Etter's favor and accepting all factual allegations as true, the Claims failed as a matter of law.  *See In re Ditech Holding Corp.*, No. 19-10412, 2023 WL 4943734 (Bankr. S.D.N.Y. Aug. 2, 2023).  The Bankruptcy Court provided various independently sufficient grounds for this holding.  First, it held that the Claims sounded in fraud and that the Claims failed to meet the heightened pleading standards applicable to fraud claims.  *See id.* at *9-11.  It further held that the Claims failed to state a claim under the Florida Deceptive and Unfair Trade Practices Act, or for wrongful foreclosure or breach of contract under Florida law.  *See id.* at *15-16.  Even if the Claims did so, the Court held that the voluntary payment doctrine under Florida law would also bar the claims.  *See id.* at *18.  It also held that Etter could not pursue claims against LoanCare, the successor mortgage servicer, because the Court lacked subject matter jurisdiction over those claims.  *See id.* at *19.  Finally, it held that Claim 24280 was not entitled to administrative priority, making both Claims general consumer claims, and that the Claims were untimely, as they were filed months after the deadline for consumer claims.  *See id.* at *20-21.

On August 15, 2023, Etter filed a notice of appeal.  *See* ECF No. 1.  An order issued September 6, 2023, referred the case to Judge Parker for a Report and Recommendation on Appellant's appeal.  *See* ECF No. 4.

On December 28, 2023, Judge Parker issued the Report, which recommends affirming the Bankruptcy Court's order.  *See* ECF No. 20.  The Report reasons that the Bankruptcy Court correctly held that Claim 24280 is not an administrative expense claim, because Etter provides

3

no basis to conclude as much. *See id.* at 14-15. Therefore, both of Etter's claims are general unsecured claims, meaning they are subject to the bar date of June 3, 2019, and because the Claims were filed on October 5, 2019, they are untimely. *See id.* at 16-17. The Report finally holds that Etter had failed to show excusable neglect, so as to permit the late filing, and that an exception to the discharge of debts obtained by fraud did not apply to Etter's claims. *See id.* at 18-20.

On February 1, 2024, Etter filed objections to the Report. *See* Objection. On February 15, 2024, the Trustee filed a response. *See* Resp. of the Appellees Consumer Claims Trustee and Plan Administrator to Appellant's Obj. to R. & R. ("Trustee Response"), ECF No. 24.

## LEGAL STANDARDS

District courts have appellate jurisdiction over bankruptcy court orders under 28 U.S.C. § 158(a)(1). Factual findings of the bankruptcy court are reviewed for clear error and conclusions of law are reviewed *de novo*. *In re TransCare Corp.*, 81 F.4th 37, 48 (2d Cir. 2023).

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3). For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

Appellant proceeds *pro se*. The submissions of *pro se* litigants are construed liberally and interpreted to raise the strongest arguments that they suggest. *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022). "Parties have a right to self-representation, and . . . [w]hile the right does not exempt a party from compliance with relevant rules of procedural and

4

substantive law, it should not be impaired by harsh application of technical rules." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

## DISCUSSION

Etter objects to the Report, arguing that it allegedly erred with respect to its conclusion regarding Ditech's bad faith in its dealings with him and other borrowers and its finding that his claims are untimely. He identifies putative errors in the Report's description of his mortgage payments, which allegedly overlooks issues with Ditech's accounting practices and improperly credits Ditech's version of the facts, and again contests whether he signed the 2014 loan modification. *See generally* Objection 7-18. He also argues that the four factors articulated by the U.S. Supreme Court (the "*Pioneer* factors") support a finding of excusable neglect with respect to the timeliness of his claims. *See id.* at 18-25. Even construing his objection liberally, these arguments fail.

"Bar dates are critically important to the administration of a successful chapter 11 case." *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. May 20, 2010). "They are not designed merely as . . . 'a procedural gauntlet' but rather serve 'as an integral part of the reorganization process' and the efficient administration of bankruptcy cases." *Id.* (quoting *In re Hooker Invest., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991)). "A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *In re Hooker Invest.*, 937 F.2d at 840 ("If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined."). Accordingly, they are "akin to a statute of

limitations, and must be strictly observed." *In re Roman Catholic Diocese of Syracuse*, No. 20-30663, 2024 WL 535370, at *2 (Bankr. N.D.N.Y. Feb. 9, 2024).

Federal Rule of Bankruptcy Procedure 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . , the court for cause shown may . . . permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "The burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005). To determine whether a claimant has established excusable neglect, courts consider: "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has "taken a hard line in applying the *Pioneer* test," and has further instructed that "because three of the *Pioneer* factors -- length of delay, danger of prejudice, and movant's good faith -- will usually favor the movant, [courts should] focus on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020). "[W]here the [order setting the deadline] is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003).

The *Pioneer* factors do not support a finding of excusable neglect, because the third factor—the "most important *Pioneer* factor," *Alexander*, 5 F.4th at 149—does not favor Etter. Etter argues that he has good cause for the delay, arguing that Ditech purposely prevented him from receiving notice of the bankruptcy. *See* Objection 18-24. However, this ignores that an unknown creditor is entitled only to constructive notice (i.e., notice by publication). *See In re*

6

*Motors Liquidation Co.*, 829 F.3d 135, 159 (2d Cir. 2016) ("If the debtor knew or reasonably should have known about the claims, then due process entitles potential claimants to actual notice of the bankruptcy proceedings, but if the claims were unknown, publication notice suffices."). At the time Ditech filed for bankruptcy, Etter was a mortgage debtor and had made no allegations of fraud, making him an unknown creditor. *See In re Credit-Based Asset Servicing & Securitization LLC*, No. 10-16040, 2014 WL 7177629, at *2 (Bankr. S.D.N.Y. Dec. 9, 2014) (finding that mortgagors alleging malfeasance by their mortgage servicers were unknown creditors and collecting cases finding the same). Etter was given the requisite constructive notice in the form of publication notice. *See* Notice Order ¶ 12.

Although Ditech was not required to give Etter anything more than constructive notice, the Bankruptcy Court credited evidence "demonstrating that [Ditech] served [Etter] with notice of the extended Consumer Claims Bar Date." *In re Ditech Holding Corp.*, 2023 WL 4943734, at *5 n.29. This finding of fact is reviewed for clear error. *See In re TransCare*, 81 F.4th at 48. This finding is not clearly erroneous: the Bankruptcy Court relied on an affidavit of service from Wing Chan, the notice coordinator, stating that notice had been mailed to Kevin Etter at two physical addresses and emailed to him at two different emails. *See* R. App. Part 5 at 57-58, 62, 64, ECF No. 11-5. Etter argues that these records differ from the affidavit of service originally filed in the bankruptcy proceeding. *See* Objection 22-24. This argument fails because, as discussed in the Report, the discrepancy between these two affidavits of service is explained by the sheer volume of recipients of the notice. *Compare* R. App. Part 5 at 57 (noting that recipients are listed in the annexed exhibits), *with* Aff. of Service, *In re Ditech Holding Corp.*, No. 19-10412 (Bankr. S.D.N.Y. May 17, 2019), ECF No. 586 (stating that a list of the 1,563,242 recipients of the mail notice and 815,063 recipients of the email notice "can be furnished on request"). The Trustee states that she obtained the affidavit of service that is part of the Record

7

Appendix "upon request from the affiant claims agent" due to the volume of recipients. *See* Trustee Response 13. In any event, this discrepancy does not rise to the level of clear error. Instead, the record supports a finding that Ditech gave—or at the very least *attempted* to give—Etter actual notice, thereby undercutting any equitable concerns with applying the bar date to the Claims.

Finally, throughout his objection, Etter argues that Ditech operated in bad faith, engaged in fraud, and committed malfeasance with respect to other debtors. These arguments go to the merits of his underlying claims and not to their timeliness. The Court has reviewed Etter's submissions, and his submissions, even construed liberally as required, do not provide a basis to depart from the general rule regarding the timeliness of claims in a bankruptcy.

Etter does not object to the remaining portions of the report—specifically, the finding that Claim 24280 is not an administrative expense claim and that 11 U.S.C. § 523's exception to discharge for debts obtained by fraud does not apply—so they are subject to clear error review. *See Miller*, 43 F.4th at 120 n.4. The Court finds no error, clear or otherwise, in the Report's discussion of these issues, and accordingly they are adopted.

## CONCLUSION

For the reasons given above, the Report and Recommendation is **ADOPTED IN FULL.**

The Clerk of Court is respectfully directed to terminate the case.

SO ORDERED.

Dated: March 29, 2024
New York, New York

DALE E. HO
United States District Judge